UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

JUAN CARLOS FIGUEROA,

                    Petitioner,

           v.                                  9:09-CV-1341
                                                    (DNH) (RFT)

UNITED STATES MARSHALS OFFICE,

                    Respondent.

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

APPEARANCES:                          OF COUNSEL:

JUAN CARLOS FIGUEROA
Petitioner, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. Background

Petitioner, Juan Carlos Figueroa ("petitioner" or "Figueroa") commenced this *pro se* action pursuant to 28 U.S.C. § 2254 on November 18, 2009. *See* Dkt. No. 1 ("Petition").[1]

Petitioner claims that on July 31, 2009, respondent United States Marshals Office ("USMO") apprehended him, and thereafter took him to Albany County Court. *See* Attachment to Petition. He asserts that the USMO improperly lodged a detainer

---

[1] This is the date petitioner apparently signed his petition. *See* Petition at p. 6. The Second Circuit has held that, due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he hands the papers to the prison authorities for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir.), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001) (extending "prison mailbox rule" to petitions seeking writ of habeas corpus pursuant to 28 U.S.C. § 2254); *see also Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005).

against him with New York's Department of Correctional Services, and by this action, requests that such agency vacate or otherwise remove that detainer. *See id.*, Ground One; *see also* Attachment to Petition.

In an initial review of that pleading, it is noted that in the petition or attachment, Figueroa failed to indicate whether he ever filed any proceeding or administrative challenge, in either state or federal court, relating to the detainer lodged against him by the respondent. *See* Decision and Order (12/15/09) (Dkt. No. 2) ("December, 2009 Order") at p. 2 (citing Petition at ¶¶ 8, 10). In light of the exhaustion requirement applicable to federal habeas petitions, *see Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003); *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001), Figueroa was directed to file an affidavit or affirmation in this action in which he discussed the manner in which he challenged, either administratively or through the state courts, the actions of the USMO about which he complains in his petition prior to commencing this federal habeas corpus proceeding. *See* December, 2009 Order at p. 3. On December 24, 2009, Figueroa filed such document with the Court, *see* Dkt. No. 3 ("Affidavit"), which is now ready for review.

## II. Discussion

In his affidavit, Figueroa has provided additional information relating to his claim that is not contained in his petition. Specifically, he asserts that from September 2006, through March 2007, he was a member of the New York Army National Guard on active duty in Tucson, Arizona. *See* Affidavit at ¶ 1. He claims that "on or around December or January," after he smoked some marijuana and imbibed alcohol to the point of

intoxication, he was detained by "C.I.D. Officers," and taken to a military police station for questioning. *Id.* at ¶¶ 3-4. He claims that after the interrogation was over, he was never "given any court appearance tickets or a date to return to Arizona." *id.* at ¶¶ 4-5, He eventually returned to New York after completing his tour of duty in Arizona. *Id.* at ¶ 6. He asserts that in October 2009, he was honorably discharged from the New York Army National Guard, and by this action "wish[es] to take care of this issue & hope[s] [that he] will not have to return to Arizona for such a petit charge." *Id.* at ¶¶ 7-8. Significantly, plaintiff's affidavit fails to allege that prior to commencing this action, he has ever brought any state or administrative action challenging either: (1) the criminal matter involving plaintiff in Arizona; or (2) the detainer lodged against him by the USMO.

As noted in the December 2009, order, the law in this Circuit clearly provides that habeas petitioners are required to fully exhaust their remedies prior to commencing a habeas action in federal district court. *See* December 2009 Order at p. 2 (citations omitted); *see also Rivera v. Killian*, No. 08CIV.00405, 2008 WL 1990093, at *2-3 (S.D.N.Y. May 8, 2008) (noting that petitioner exhausted his remedies prior to commencing action challenging federal detainer lodged against him); *Warren v. Hogan* 373 F. Supp. 1241, 1242-43 (S.D.N.Y. 1974).

Because it is clear that Figueroa has failed to exhaust his claims prior to commencing this action, this action will be dismissed without prejudice.[2]

---

[2] The information contained in plaintiff's affidavit, coupled with the allegations asserted in his petition, strongly suggest that the detainer about which he now complains arose out of his apparent criminal conduct on a military base in the State of Arizona. Petitioner is advised that if he seeks to challenge the validity of that criminal matter, such a challenge should be brought in that state.

THEREFORE, it is

ORDERED, that:

1. Petitioner's habeas petition (Dkt. No. 1) is DISMISSED WITHOUT PREJUDICE; and

2. The Clerk is directed to serve a copy of this Decision and Order on the petitioner by regular or electronic mail.

IT IS SO ORDERED.

Dated: January 14, 2010
       Utica, New York.

_____
United States District Judge